IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SANDRA MCNIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02943 |
| | ) | |
| FEDEX CORPORATE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is the Magistrate Judge's January 6, 2020 Report and Recommendation (the "Report"). (ECF No. 34.) The Report recommends granting Defendant FedEx Corporate Services, Inc.'s ("FedEx") October 18, 2019 Motion for Summary Judgment. (ECF No. 31.) Plaintiff Sandra McNiel filed an objection to the Report on February 25, 2020. (ECF No. 39.)[1] FedEx has not filed a response to the objection.

---

[1] ECF No. 39 is styled "Plaintiff's Response to the Motion for Summary Judgment." (ECF No. 39 at 1.) McNiel filed it after the Magistrate Judge had issued her Report and after having filed a timely response to FedEx's Motion for Summary Judgment on November 8, 2019. (See ECF No. 33.) The Court construes ECF No. 39 as an objection to the Report under Federal Rule of Civil Procedure 72(b)(2).

For the following reasons, McNiel's objection is OVERRULED. The Report is ADOPTED. The Motion for Summary Judgment is GRANTED.

## I.   Background

McNiel does not object to the Magistrate Judge's findings of fact. Those findings are adopted. See Thomas v. Arn, 474 U.S. 140, 150 (1985). The following is a summary of the findings relevant to this Order.

In 2013, McNiel began working as an Air Freight Invoice Adjustment Agent at FedEx.[2] (ECF No. 34 at 4.) During all times relevant to this lawsuit, McNiel's immediate supervisor was Tegaress Jones. (Id. at 2, 4.) Employees in Jones's workgroup perform air freight "rating" and "coding" functions. (Id. at 4.) The "rating" function is the process of determining a price for an air freight bill. (Id.) The "coding" function is the process of determining the customer responsible for the air freight invoice and where the invoice should be sent for payment. (Id.)

In October 2015, McNiel was assigned to perform the rating function, but failed to perform that work at a speed necessary to achieve a satisfactory performance rating. (Id. at 5.) In December 2015, McNiel again failed to achieve a satisfactory

_____

[2] In her Complaint, McNiel asserts that she worked at FedEx, in a variety of positions, from 1985 until her termination. (See ECF No. 1-1 at 2.)

performance rating.  (See id.)  In January 2016, Jones learned that McNiel had been billing a substantial amount of time to the "administrative" function at FedEx, which is used for tasks such as training and reviewing email.  (Id.)  In June 2016, Jones learned that McNiel had again been billing a substantial amount of administrative time.  (Id. at 6.)

In August 2016, Jones changed McNiel's duties to the coding function.  (Id.)  In October 2016, Jones learned that McNiel had again been billing a substantial amount of administrative time.  (Id. at 8.)  On October 25, 2016, McNiel was given a warning letter for unacceptable conduct due to her excessive use of administrative time.  (Id.)  In November 2016, McNiel continued to bill substantial amounts of administrative time.  (Id.)  On November 29, 2016, McNiel's employment was terminated.  (Id. at 9.)

On September 22, 2017, McNiel filed a Charge of Discrimination with the Tennessee Human Rights Commission, in which she alleged that FedEx had discriminated against her on the bases of sex, age, and religion. (ECF No. 1-1 at 2.)  On September 29, 2017, the U.S. Equal Employment Opportunity Commission issued McNiel a right-to-sue letter.  (Id. at 1.)

On December 29, 2017, McNiel filed her Complaint in this Court.  (ECF No. 1.)  McNiel asserts claims of discrimination and retaliation on the bases of sex, age, and religion under

the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, _et seq._, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, _et seq._

On October 18, 2019, FedEx filed its Motion for Summary Judgment. (ECF No. 31.) On January 6, 2020, the Magistrate Judge issued the Report. (ECF No. 34.) On January 21, 2020, McNiel moved for an extension of time to "respond to the motion of the Defendant, FedEx." (ECF No. 35.) On February 13, 2020, the Court granted McNiel's motion for an extension of time. (ECF No. 36.) On February 25, 2020, McNiel filed her objection to the Report. (ECF No. 39.)

## II. Jurisdiction

The Court has federal question jurisdiction. Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." McNiel asserts a right to relief against FedEx under the ADEA and Title VII. Those claims arise under the laws of the United States.

## III. Standard of Review

### A. Report and Recommendation

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. See United States

4

v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).

For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Arn, 474 U.S. at 150. The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. See id. at 151.

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56, a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of

her case.  _See_ Fed. R. Civ. P. 56(c)(1); _Peeples v. City of Detroit_, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial.  _See_ Fed. R. Civ. P. 56(c).  "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her."  _EEOC v. Ford Motor Co._, 782 F.3d 753, 760 (6th Cir. 2015) (en banc) (quotation marks omitted).  The nonmoving party must do more than simply "'show that there is some metaphysical doubt as to the material facts.'"  _Lossia v. Flagstar Bancorp, Inc._, 895 F.3d 423, 428 (6th Cir. 2018) (quoting _Matsushita Elec. Indus. Co. v. Zenith Radio Corp._, 475 U.S. 574, 586 (1986)).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut."  _FDIC v. Jeff Miller Stables_, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

## IV.  Analysis

McNiel does not effectively object to the Report.  In the Report, the Magistrate Judge carefully reviewed the record,

6

determined that FedEx had met its burden to establish the lack of a genuine issue for trial, found that McNiel had failed to put forward any evidence in opposition to the Motion for Summary Judgment, and concluded that McNiel could not establish a prima facie case of discrimination or retaliation under any of her theories of liability under the ADEA and Title VII. (See ECF No. 34 at 3, 13-19.)

In her objection, McNiel reasserts her claims in conclusory fashion, stating that "[m]y facts still remain the same of unlawful termination, discrimination and civil rights violation." (ECF No. 39 at 1.) McNiel does not object to any of the Magistrate Judge's specific findings of fact or law. McNiel represents that she has had some difficulty in receiving court documents, such as the Court's February 13, 2020 order granting her motion for an extension of time, which she says was erroneously sent to her email rather than to her post office box. (Id. at 1.) Notwithstanding, McNiel has had the opportunity to substantively object to the Report's findings and recommendations since January. In her objection, she raises only conclusory assertions that reiterate her claims in skeletal terms. McNiel's general objection, which does not specify the issues in contention, is tantamount to filing no objection at all. See McCready v. Kamminga, 113 F. App'x 47, 49 (6th Cir. 2004); Murphy v. Reed, 22 F. App'x 390, 391 (6th

Cir. 2001).   The Report's recommendations are therefore ADOPTED.  The Motion for Summary Judgment is GRANTED.

## V.   Conclusion

For the foregoing reasons, McNiel's objection is OVERRULED.   The Report is ADOPTED.   The Motion for Summary Judgment is GRANTED.


So ordered this 9th day of April, 2020.


/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE