IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SANDRA MCNIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-02943 |
| | ) | |
| FEDEX CORPORATE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff Sandra McNiel's pro se Motion for Alteration of Judgment or Relief from Judgment (the "Motion"). (ECF No. 43.)[1] Defendant FedEx Corporate Services, Inc. ("FedEx") has not responded to the Motion. For the following reasons, the Motion is DENIED.

**I. Background**

McNiel is a former FedEx employee who was terminated in 2016. (ECF No. 40 at 3.) In December 2017, McNiel filed a Complaint asserting claims of discrimination and retaliation on the bases of sex, age, and religion under the Age Discrimination

---

[1] ECF No. 43 is styled "Plaintiff's Response to the Dismissal of Summary Judgment." (ECF No. 43 at 1.) McNiel filed ECF No. 43 after the Court had entered judgment. (See ECF No. 41.) The Court construes ECF No. 43 as a motion for alteration of judgment under Rule 59(e) or relief from judgment under Rule 60(b).

in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.  (ECF No. 1.)

In October 2018, FedEx filed a Motion for Summary Judgment on each of McNiel's claims.  (ECF No. 31.)  In January 2020, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant the Motion for Summary Judgment.  (ECF No. 34.)  On April 10, 2020, the Court adopted the Magistrate Judge's recommendation and granted the Motion for Summary Judgment.  (ECF No. 40.)  On April 13, 2020, the Court entered judgment.  (ECF No. 41.)

McNiel filed the Motion on May 13, 2020.  (ECF No. 43.) She asserts that her "facts still remain the same of unlawful termination, discrimination and civil rights violation."  (Id. at 1.)  She asserts that FedEx has used "unethical" and "dishonest[]" tactics.  (Id.)  She represents that she has had some difficulty receiving court filings and "question[s] if [she has been] receiving legal court documents."  (Id. at 1-2.)

**II.  Standard of Review**

Federal Rule of Civil Procedure 59(e) allows for a "motion to alter or amend a judgment."  "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."

2

Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)).  A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Rule 59(e)'s 28-day time limit "may not be enlarged under any circumstances."  Keith v. Bobby, 618 F.3d 594, 598-99 (6th Cir. 2010) (quotation marks and citation omitted); see also Fed. R. Civ. P. 6(b)(2) (providing that a "court must not extend the time to act under" Rule 59(e)).

Federal Rule of Civil Procedure 60(b) allows for a motion to "relieve a party or its legal representative from a final judgment, order, or proceeding."  A court may grant a Rule 60(b) motion "for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

3

**III. Analysis**

In her Motion, McNiel does not cite the law on which she relies. The Court construes the Motion as a request for alteration of judgment under Rule 59(e) and, alternatively, for relief from judgment under Rule 60(b).

    **A.   Rule 59(e)**

The Motion is untimely under Rule 59(e). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e)'s 28-day time limit "may not be enlarged under any circumstances." Keith, 618 F.3d at 598-99. The Court entered judgment on April 13, 2020. (ECF No. 41.) McNiel filed the Motion in paper form. (See ECF No. 43 at 1.) "A paper not filed electronically is filed by delivering it . . . to the clerk." Fed. R. Civ. P. 5(d)(2). The Motion was filed on May 13, 2020, the date on which it was received by the Clerk's Office. (See ECF No. 43 at 1.) The Motion was filed 30 days after the Court had entered judgment. It is untimely under Rule 59(e).

    **B.   Rule 60(b)**

The Motion is timely under Rule 60(b). See Fed. R. Civ. P. 60(c)(1) (providing that a Rule 60(b) motion "must be made within a reasonable time" and, in some instances, "no more than a year after the entry of the judgment"). However, relief from judgment is not warranted under Rule 60(b).

4

McNiel asserts that "FedEx uses unethical tactics which consist[] of dishonesty." (ECF No. 43 at 1.) She asserts that her "apartment and automobile [have] been unlawfully entered into and [her] documents pertaining to this case were stolen." (Id. at 2.) The Court construes those statements as arguments for relief under Rule 60(b)(3), which allows relief from judgment because of "fraud . . . misrepresentation, or misconduct by an opposing party."

"[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008). McNiel's assertions about dishonest or illegal litigation tactics are cursory. She provides no evidence to support them. McNiel has not established that relief from judgment is warranted under Rule 60(b)(3). See id. at 455-58 (affirming denial of Rule 60(b) motion where plaintiff "failed to present clear and convincing evidence that" defendant took fraudulent actions).

McNiel asserts that she has had some difficulty receiving court filings. (See ECF No. 43 at 1-2.) She asserts that, in February, she received some court documents by email, not regular mail, although she "never changed [her] Court records" and wished to received documents by regular mail only. (Id.) She asserts that she responded by visiting the Clerk's Office "to inform

5

them that I did not receive my documents through mail," and that the Clerk's Office directed her to "sign [her] case number in on the computer and retrieve the documents." (Id.) She "question[s] if [she has been] receiving legal court documents." (Id. at 2.) The Court construes those statements as arguments for relief under Rule 60(b)(1), which allows for relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect."

McNiel may have had some difficulty receiving some of the court filings in this case. However, she has not established clear and convincing grounds for relief on the basis of mistake, inadvertence, surprise, or excusable neglect. See Info-Hold, 538 F.3d at 454. The Motion represents that, after McNiel realized she was receiving filings by email, but not regular mail, she visited the Clerk's Office to resolve her concerns. (See ECF No. 43 at 1-2.) Those concerns were resolved. The docket reflects that, after McNiel's visit, the Clerk's Office removed her email address from the Court's electronic filing system and updated her contact information to include only her Post Office box. McNiel does not assert that she was prejudiced by the temporary difficulty in receiving filings. All of McNiel's filings in this case, including her response to the Motion for Summary Judgment and her objections to the Magistrate Judge's Report and Recommendation, have been thoroughly reviewed

6

and considered.  (See ECF No. 33; ECF No. 34 at 3; ECF No. 39; ECF No. 40 at 1, 6-8.)  McNiel's pro se status itself, without more, "does not count as an exceptional circumstance" for relief from judgment under Rule 60(b).  See Williams v. N.Y.C. Dep't of Corr., 219 F.R.D. 78, 85 (S.D.N.Y. 2003).

"Relief under Rule 60(b) [] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'"  Doe v. Lexington-Fayette Urban Cty. Gov't, 407 F.3d 755, 760 (6th Cir. 2005) (quoting Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)).  McNiel has not established "by clear and convincing evidence" that relief from judgment is warranted under Rule 60(b).  Info-Hold, 538 F.3d at 454.

**IV. Conclusion**

For the foregoing reasons, the Motion is DENIED.

So ordered this 11th day of June, 2020.

                                      /s/ *Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE